IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAMARIAN AUSTIN, as dependent administrator of, ILIANA CLAIRE HEJLIK, J.S. #1, J.S. #2, J.S. #3, DONNA THOMAS, and CLIFF BENJAMIN MITCHELL, individually, the ESTATE OF JAMAL ALI SHAW, and JAMAL ALI SHAW'S heirs-at-law, and DONNA THOMAS, individually Plaintiffs, | § § § § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-00774 |
| CITY OF PASADENA, TEXAS; MARTIN E. AGUIRRE; JOANNA S. MARROQUIN; DARLENE MCCAIN a/k/a RITA M. MCCAIN; and RYAN W. WHITEHEAD, Defendants. | § § § § § § § § | |

DEFENDANTS CITY OF PASADENA'S AND OFFICER AGUIRRE'S
MOTION TO DISMISS

Defendants City of Pasadena, Texas and Officer Martin E. Aguirre[1] move the

Court under FED. R. CIV. P. 12(b)(6) to dismiss all claims asserted against them in this

suit [Doc. 1] due to Plaintiffs' failure to state a claim.

---

[1] Although Plaintiffs have sued other officers, in addition to Officer Aguirre who have not moved to dismiss the claims against them based on the allegations, for purposes of this motion the term "Defendants" refers only to the City and Officer Aguirre.

## TABLE OF CONTENTS

Table of Contents.................................................................................................. ii

Table of Authorities ............................................................................................iv

Nature and Stage of the Proceeding ...........................................................1

Issues Before the Court...................................................................................1

Pleading Allegations .........................................................................................1

Arguments and Authorities ............................................................................2

    I.    Standard of Review..................................................................................2

    II.    Plaintiffs fail to allege facts that show a plausible claim against Defendants under the Fourteenth Amendment ......................................3

        A.    Plaintiffs' allegations fail to show a plausible claim against Defendants based on denial of medical care. ................................... 5

        B.    Plaintiffs fail to allege facts that show a plausible claim against Defendants based on alleged excessive force..................... 7

    III.    Plaintiffs allege no facts overcoming the presumption of Officer Aguirre's qualified immunity....................................................................8

    IV.    Plaintiffs fail to allege facts that state a claim against the City. ..............10

        A.    Plaintiffs' allegations do not plausibly show an unconstitutional City policy............................................................. 10

            1.    Use of Force ................................................................11

            2.    Taser Policy ..................................................................12

            3.    Handcuffing Prisoners Policy & Use of Oleoresin Capsicum Policy.............................................................13

        B.    Nor can Plaintiffs conjure a pattern of misconduct sufficient to infer an unconstitutional City policy......................... 13

C.     Plaintiffs' allegations do not plausibly show culpability of a City policymaker.................................................................... 15

D.     Plaintiffs fail to allege facts which show a policy of the City's policymaker was plausibly the moving force that directly caused a violation of Shaw's protected rights.................. 16

V.     Plaintiffs failed to state a plausible claim under the ADA .....................17

Conclusion and Prayer ............................................................................20

Certificate of Service ..............................................................................21

TABLE OF AUTHORITIES

Page(s)

Cases

*Alderson v. Concordia Par. Corr. Facility*,
848 F.3d 415 (5th Cir. 2017) ........................................................5, 6

*Alton v. Tex. A & M Univ.*,
168 F.3d 196 (5th Cir. 1999) ...........................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................3, 16

*Babb v. Dorman*,
33 F.3d 472 (5th Cir. 1994) .............................................................8

*Backe v. LeBlanc*,
691 F.3d 645 (5th Cir. 2012) ...........................................................8

*Bennett v. City of Slidell*,
728 F.2d 762 (5th Cir.) (en banc), *cert. denied.*, 472 U.S. 1016
(1985).......................................................................................10, 14

*Brosseau v. Haugen*,
543 U.S. 194 (2004)..........................................................................9

*Burge v. St. Tammany Par.*,
336 F.3d 363 (5th Cir. 2003) .........................................................15

*Connick v. Thompson*,
560 U.S. 51 (2011)...........................................................................10

*Covington v. City of Madisonville*,
812 Fed. App'x 219 (5th Cir. May 15, 2020)...................................10

*Cuvillier v. Sullivan*,
503 F.3d 397 (5th Cir. 2007) .........................................................2, 3

*Dartmouth Rev. v. Dartmouth Coll.*,
889 F.2d 13 (1st Cir. 1989)............................................................16

*Doe v. Harris Cnty.*,
  2017 U.S. Dist. LEXIS 162585 (S.D. Tex. 2017) (Lake, J.) ............................ 18

*Domino v. Tex. Dep't of Crim. J.*,
  239 F.3d 752 (5th Cir. 2001) ............................................................................ 4

*Flores v. Cnty. of Hardeman*,
  124 F.3d 736 (5th Cir. 1997) ............................................................................ 4

*Flores v. Harris*,
  2019 U.S. Dist. LEXIS 54885 (S.D. Tex. Mar. 29, 2019)
  (Rosenthal, C.J.) ............................................................................................... 7

*Fraire v. Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ........................................................................ 17

*Graham v. Connor*,
  490 U.S. 386 (1986) ................................................................................... 7, 12

*Hare v. City of Corinth*,
  74 F.3d 633 (5th Cir. 1996) (en banc) .......................................................... 4, 5

*Hedberg v. Ind. Bell Tel. Co.*,
  47 F.3d 928 (7th Cir. 1995) ............................................................................ 19

*Hyatt v. Thomas*,
  843 F.3d 172 (5th Cir. 2016) ........................................................................ 4, 5

*James v. Harris Cnty.*,
  577 F.3d 612 (5th Cir. 2009) ...................................................................... 4, 16

*Jin Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*,
  633 F. App'x 214 (5th Cir. 2015) ................................................................... 18

*Kingsley v. Hendrickson*,
  576 U.S. 389 (2015) ..................................................................................... 7, 8

*Lawson v. Dallas Cnty.*,
  286 F.3d 257 (5th Cir. 2002) ............................................................................ 4

*Mace v. City of Palestine*,
  333 F.3d 621 (5th Cir. 2003) ............................................................................ 8

*Martinez v. Maverick Cnty.*,
    507 Fed. App'x 446 (5th Cir. 1985), *cert denied*, 2013 U.S. LEXIS
    4806 (2013) ........................................................................................... 6

*McConney v. City of Houston*,
    863 F.2d 1180 (5th Cir. 1989) ............................................................. 12

*Meadours v. Ermel*,
    483 F.3d 417 (5th Cir. 2007) ................................................................ 8

*Oasis Research, LLC v. Adrive, LLC*,
    2011 U.S. Dist. LEXIS 80483 (E.D. Tex. May 23, 2011) ................... 20

*Okla. City v. Tuttle*,
    471 U.S. 808 (1985) ............................................................................. 13

*Okla. v. Brown*,
    520 U.S. 397 (1997) .............................................................. 11, 15, 17

*Oliver v. Scott*,
    276 F.3d 736 (5th Cir. 2002) ................................................................ 8

*Ontiveros v. City of Rosenberg*,
    564 F.3d 379 (5th Cir. 2009) .............................................................. 12

*Papasan v. Allain*,
    478 U.S. 265 (1986) ............................................................................. 11

*Peterson v. City of Ft. Worth*,
    588 F.3d 838 (5th Cir. 2009) .............................................................. 14

*Pfannstiel v. City of Marion*,
    918 F.2d 1178 (5th Cir. 1990) .............................................................. 9

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ...................................................... 11, 17

*R2 Inv. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) ................................................................ 3

*Saucier v. Katz*,
    533 U.S. 194 (2001) .............................................................................. 9

*Schultea v. Wood*,
   47 F.3d 1427 (5th Cir. 1995) (en banc) ................................................................8

*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019) ..................................................................................2

*Shepherd v. City of Shreveport*,
   920 F.3d 278 (5th Cir. 2019) ..................................................................................9

*Smith v. Brenoettsy*,
   158 F.3d 908 (5th Cir. 1998) ................................................................................16

*Snyder v. Trepagnier*,
   142 F.3d 791 (5th Cir. 1998) ........................................................................11, 14

*Spiller v. City of Tex. City Police Dep't*,
   130 F.3d 162 (5th Cir. 1997) ................................................................................11

*Tarver v. City of Edna*,
   410 F.3d 745 (5th Cir. 2005) ..................................................................................7

*Taylor v. Hartley*,
   2020 U.S. Dist. LEXIS 173424 (S.D. Tex. Sept. 22, 2020)
   (Eskridge, J.) ...............................................................................................19, 20

*Taylor v. Principal Fin. Grp., Inc.*,
   93 F.3d 155 (5th Cir. 1996) ..................................................................................19

*Thompson v. Upshur Cnty., Tex.*,
   245 F.3d 447 (5th Cir. 2001) ..................................................................................6

*Turner v. Upton County*,
   915 F.2d 133 (5th Cir. 1990) ................................................................................12

*Vann v. City of Southaven*,
   884 F.3d 307 (5th Cir. 2018) ............................................................................9, 10

*Vulcan Materials Co. v. Cnty. of Tehuacana*,
   238 F.3d 382 (5th Cir. 2001) ..................................................................................3

*Webster v. City of Houston*,
   735 F.2d 838 (5th Cir. 1984) (en banc) ................................................................13

*Windham v. Harris Cnty.*,
  875 F.3d 229 (5th Cir. 2017) ........................................................................18, 19

*Worsham v. Pasadena*,
  881 F.2d 1336 (5th Cir. 1989) ............................................................................10

**Statutes**

42 U.S.C. § 1983 ...............................................................................*passim*

42 U.S.C. § 12132 ........................................................................................17

Americans with Disabilities Act ........................................................1, 2, 17, 18, 19

**Other Authorities**

Fourth Amendment .........................................................................................9

Fourteenth Amendment ...............................................................................1, 3

## NATURE AND STAGE OF THE PROCEEDING

1.     Plaintiffs filed suit on March 10, 2021. [Doc. 1]. Because the allegations in Plaintiffs' complaint fail to state a plausible claim for relief against either the City or Ofc. Aguirre, the Court should dismiss Plaintiffs' claims against these defendants.

## ISSUES BEFORE THE COURT

2.     Whether Plaintiffs' allegations plausibly show these Defendants deprived Jamal Ali Shaw of a right, privilege, or immunity protected by the Constitution or the laws of the United States?

3.     If the Court finds that Plaintiffs alleged facts which state a claim against any individual, whether Plaintiffs' allegations plausibly show the rare circumstance of an official City policy which was a moving force that directly caused a deprivation of Shaw's federally protected rights?

4.     Whether Plaintiffs' allegations overcome the presumption of Ofc. Aguirre's qualified immunity from suit and liability?

5.     Whether Plaintiffs' allegations state a plausible claim for relief under the ADA?

## PLEADING  ALLEGATIONS[2]

Plaintiffs alleged through civil rights statute 42 U.S.C. § 1983 and Texas wrongful death and survivor statutes a violation of due process under the Fourteenth Amendment

---

[2] Plaintiffs' original complaint contains a long, timestamped "general summary of events" beginning on page 15; however, the summary lacks paragraph numbering—making it difficult to consistently cite the complaint throughout this motion. To avoid confusion, Defendants' citations to Plaintiffs' summary are by page number and timestamp. All other citations to Plaintiffs' complaint are by paragraph number.

1

and a violation of the Americans with Disabilities Act ("ADA") against the City. Plaintiffs allege that Jamal Shaw "died as a result of Defendants assaulting him, including tasing him and restraining him in handcuffs and/or a restraint chair in the City of Pasadena jail on March 28, 2019." [Doc. 1, ¶ 11].

Officer L. Arguetta first encountered Shaw at a gas station early in the morning on March 28, 2019. Doc. 1, ¶ 16. Shaw was passed out in the parking lot. *Id.* Officer Arguetta arrested Shaw for suspected public intoxication and transported him to the Pasadena police department. *Id.* at ¶17. Approximately fours later, Shaw had a seizure. Doc. 1, p. 16. Officers sought emergency medical care which arrived within eight minutes of when the seizure began, and during the interim before EMS arrived officers did not ignore the Plaintiff's medical condition. Doc. 1, pp. 15-19. Plaintiffs characterize the actions officers took as abusive, as opposed to attempts to address the medical emergency. *Id.*

## ARGUMENTS AND AUTHORITIES

### I.     Standard of Review

6.     "The Supreme Court is no-nonsense about pleading specificity requirements: '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To state a claim, a complaint must identify both **factual** *and* **legal grounds** which could entitle the plaintiff to relief against each defendant sued. *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility [only] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

> Determining whether a complaint states a plausible claim for relief will, [], be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."

*Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted).

7.      A court may not accept legal conclusions as true. A complaint "must be supported by factual allegations." *Id.* Listing legal standards, without supporting substantive factual information does not state a claim. *Vulcan Materials Co. v. Cnty. of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). Allegations must "raise a right to relief above the speculative level." *Cuvillier*, 503 F.3d at 401. A court is not required to "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Inv. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

## II.    Plaintiffs fail to allege facts that show a plausible claim against Defendants under the Fourteenth Amendment

8.      When Plaintiffs challenge a detention official's episodic acts or omissions, "the proper inquiry is whether the jail official had a culpable state of mind in acting or failing

to act." *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). "Our inquiry begins with the fundamental rule that **negligent inaction** by a jail officer does not violate the [constitutional] rights of a person lawfully held in custody by the State." *Id.* at 645 (emph. added). To establish a claim, Plaintiffs must allege facts which plausibly show that an officer was **subjectively deliberately indifferent**. *Flores v. Cnty. of Hardeman*, 124 F.3d 736 (5th Cir. 1997). "Deliberate indifference is **an extremely high standard to meet**." *Domino v. Tex. Dep't of Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (emph. added). "Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it 'must amount to an **intentional choice**, not merely an unintentionally negligent oversight.'" *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (internal citation omitted) (emph. added). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were **actually aware of the risk, yet consciously disregarded it**." *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (emph. added). "[L]iability attaches only if [a detention officer] actually knew not merely should have known about the risk." *Olabisiomotosho*, 185 F.3d at 528. "Deliberate indifference, i.e., **the subjective intent to cause harm**, cannot be inferred from [an officer's] failure to act reasonably." *Id.* at 649 (emph. added).

9.      Mere "evidence that an official was aware of a substantial risk to inmate safety does not alone establish deliberate indifference." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). Even officers "who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if

the harm ultimately was not averted." *Hyatt supra.* "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). "To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "[E]ven if an officer responds without the due care a reasonable person would use – such that the officer is only negligent – there will be no liability." *Hyatt*, 843 F.3d at 178 (citing *Davidson v. Cannon*, 474 U.S. 344, 347 (1986)).

10.    For Plaintiffs "[t]o succeed in holding [the City] accountable," Plaintiffs must allege facts which plausibly demonstrate a City employee's subjective indifference and additionally that "the [City] employee's act resulted from a [County] policy or custom adopted or maintained with objective deliberate indifference to the [Shaw]'s constitutional rights." *Hare*, at 649 n.4. Plaintiffs failed to allege facts which plausibly show a cognizable section 1983 claim under these controlling standards.

### A.    Plaintiffs' allegations fail to show a plausible claim against Defendants based on denial of medical care.

11.    Plaintiffs did not allege facts which plausibly show a claim against Ofc. Aguirre based on alleged denial of necessary medical care. *Alderson*, 848 F.3d at 420. "Deliberate indifference in the context of an episodic failure to provide reasonable medical care to pretrial detainee means that: (1) the official was aware of facts from which an inference of

substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates the official subjectively intended that harm occur." *Thompson v. Upshur Cnty., Tex.,* 245 F.3d 447, 458-459 (5th Cir. 2001).

12.     Plaintiffs did not allege facts which show that Ofc. Aguirre "refused to treat [Shaw], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Alderson*, 848 F.3d at 420 (quoting *Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006)). Instead, Plaintiffs allege only that Ofc. Aguirre "improperly restrain[ed Shaw] through the use of handcuffs," and placing him into a restraint chair. [Doc. 1*, ¶* 24]. Despite alleging that **Ofc. Aguirre arrived at the scene only 10 seconds before ambulance personnel arrived** with a stretcher, Plaintiffs contend Ofc. Aguirre denied Shaw necessary medical care by "not ask[ing] any questions about what [Shaw] has experienced, how many times he had been tased, whether he is in the midst of a seizure, or any other relevant information." *Id.* at 19.

13.     Plaintiffs also fail to allege facts which show that Shaw sustained *additional harm* based on any claimed delay or denial of medical care during that 10 second interval when Plaintiffs contend Officer Aguirre should have asked more questions. *Martinez v. Maverick Cnty.*, 507 Fed. App'x 446, 448 (5th Cir. 1985), *cert denied*, 2013 U.S. LEXIS 4806 (2013). Even if Plaintiffs had pled facts showing additional harm caused by delayed medical care, nowhere do Plaintiffs allege that Defendants *caused* any delay or deprivation of medical care—and even still, a purported delay of *10 seconds* is simply not a plausible claim.

6

14.     An allegation that an officer restrained a resisting detainee "does not support an inference of deliberate indifference." *Flores v. Harris*, 2019 U.S. Dist. LEXIS 54885 *56-59 (S.D. Tex. Mar. 29, 2019) (Rosenthal, C.J.). Handcuffing is standard police procedure, not excessive force. *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005). Simply put, not only do Plaintiffs fail to allege *facts* which show a claim based on alleged delay or denial of medical care, the facts they do allege disprove.

### B.     Plaintiffs fail to allege facts that show a plausible claim against Defendants based on alleged excessive force

To prevail on a § 1983 excessive force claim, a pretrial detainee must show that force used against him was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 390 (2015). The determination must be made from the perspective of a reasonable officer on the scene, including what the officer knew at the time, *see Graham v. Connor*, 490 U.S. 386, 396 (1986), and must account for the "legitimate interests [stemming from the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and maintain institutional security." *Kingsley*, 576 U.S. at 425-26 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). Use of an objective standard protects an officer who acts in good faith, e.g., by acknowledging that judging the reasonableness of the force used from the perspective and with the knowledge of the defendant officer is an appropriate part of the analysis. *Id.* at 426-28.

7

Here, Plaintiffs fail to show that Ofc. Aguirre's actions of handcuffing Shaw, lifting Shaw off the ground, and placing Shaw in a restraint chair *for approximately two minutes*, Doc. 1, p. 19, was objectively unreasonable. *Kingsley*, 576 U.S. at 390. Plaintiffs do not allege facts which show that Ofc. Aguirre knew or should have known about events that had occurred before he arrived, nor do Plaintiffs allege facts which show that Ofc. Aguirre's conduct was objectively unreasonable or excessive to the need. Plaintiffs' allegations fail to state a claim of excessive force against Ofc. Aguirre.

### III.   Plaintiffs allege no facts overcoming the presumption of Officer Aguirre's qualified immunity.

15.   To avoid dismissal of claims under § 1983 against a public servant who asserts qualified immunity, Plaintiffs must "plead more than conclusions" and allege facts that overcome qualified immunity *as to each individual sued. Schultea v. Wood*, 47 F.3d 1427, 1430-34 (5th Cir. 1995) (en banc); *accord Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). "[T]he complaint must state with **factual detail and particularity** the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (emph. added); *Backe v. LeBlanc*, 691 F.3d 645, 649 (5th Cir. 2012). When a plaintiff sues multiple officers, they must disprove the presumption of immunity as against each officer, with reference to facts related to each individual officer's own conduct. *Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007). "Qualified immunity protects officers from suit unless their conduct violates a clearly established right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). "For a

right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 285 (5th Cir. 2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). "The Supreme Court has repeatedly told courts not to define clearly established rights 'at a high level of generality.'" *Id.* (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015)) (quotation marks and citation omitted). "The dispositive question is 'whether the violative nature of particular conduct is clearly established.'…Such specificity is especially important in the Fourth Amendment context[.]" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)).

16.     Therefore, appropriate analysis of Ofc. Aguirre's immunity entails a determination of whether a protected right allegedly violated, considering the specific factual circumstances of the case, was so clearly established in a particularized sense at the time an officer acted, that no objective officer could have reasonably believed the challenged action was lawful. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). Excessive force incidents are highly fact-specific and without cases squarely on point, officers receive the protection of qualified immunity. *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004). "It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'" *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)).

17.     Plaintiffs merely allege Ofc. Aguirre reported to a scene inside the jail where three other officers struggled to restrain an apparently resisting detainee. [Doc., p. 19]. Ofc. Aguirre handcuffed Shaw, lifted Shaw from the ground, and placed Shaw in a restraint chair. *Id.* No identifiable legal authority supports the assertion that no objective officer could have reasonably believed these actions were permitted, in the circumstances Officer Aguirre encountered.

### IV.     Plaintiffs fail to allege facts that state a claim against the City.

#### A.     Plaintiffs' allegations do not plausibly show an unconstitutional City policy

18.     "The premise that the theory of respondeat superior does not apply in section 1983 actions brought against a municipality has become well entrenched in our jurisprudence." *Worsham v. Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989). "[U]nder § 1983, local governments are responsible only for '*their own* illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011). To state a claim against the City, Plaintiffs must "plead facts that plausibly support each element of § 1983 **municipal** liability." *Covington v. City of Madisonville*, 812 Fed. App'x 219, 224 (5th Cir. May 15, 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)) (emph. added).

19.     To state a claim against the City, Plaintiffs must *allege facts* which plausibly show: (1) an unconstitutional municipal policy existed at the time of the arrest; (2) that municipal policymaker knowingly created or tolerated the unconstitutional policy; and (3) that the policy was the moving force that directly caused a violation of Shaw's rights. *Bennett v.*

*City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied.*, 472 U.S. 1016 (1985).

"[*Bd. of the Cnty. Comm'rs of*] *Bryan Cnty.*[, *Okla. v. Brown*, 520 U.S. 397 (1997)] underscores

the need for *Monell* [*v. N.Y.C. Dep't. of Social Servs.* 436 U.S. 658 (1978)] plaintiffs to

establish both the causal link ("moving force") and the city's degree of culpability

("deliberate indifference" to federally protected rights). *Snyder v. Trepagnier*, 142 F.3d 791

(5th Cir. 1998). "In addition to culpability, [the pleadings must show] a direct causal link

between the municipal policy and the constitutional deprivation." *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 579 (5th Cir. 2001).

20.    To avoid dismissal of claims against a governmental entity for failure to state a

claim, "[t]he [Plaintiffs'] description of a [governmental] policy or custom and its

relationship to the underlying constitutional violation, moreover, cannot be conclusory; **it**

**must contain specific facts**." *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th

Cir. 1997) (emph. added). In analyzing a claim of municipal liability, a court must search

for actual factual allegations and it is "not bound to accept as true a [Plaintiffs'] legal

conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

21.    Here, Plaintiffs fail to allege *any fact* which identifies an *unconstitutional* City policy,

much less a policy that was a "moving force" behind any constitutional violation.

### 1.    Use of Force

22.    Plaintiffs admit the City has a written policy prohibiting use of unnecessary force,

and contend officers *violated* the City's policy. [Doc. 1., ¶¶ 52-54, 59]. The policy states in

pertinent part, "[e]mployees are sometimes required to use force in order to subdue or

restrain a prisoner…Employees are authorized to use only the amount of force necessary for the protection of him/herself or others." *Id.*, ¶ 53. This alleged violation of City policy cannot plausibly support a claim. *See Turner v. Upton County*, 915 F.2d 133, 136 (5th Cir. 1990); *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

23.     Plaintiffs' allegations establish the City's policy is facially valid, not unconstitutional. The constitutional test governing Plaintiffs' claim is whether Shaw's death resulted directly and only from a use of force that was *clearly excessive to the need*, *and* the excessiveness of which was *clearly unreasonable*. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). In *Graham v. Connor*, the Supreme Court confirmed that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." 490 U.S. 386, 395 (1989). The City's policy mirrors the Constitutional standard.

### 2.      Taser Policy

24.     Plaintiffs also contend that unspecified officers "violated, or stood by and failed to intervene while others violated, the City of Pasadena Policy regarding use of Tasers." [Doc. 1, ¶ 54]. Plaintiffs suggest that the officers offended the policy's prohibition on the use of a taser where "[t]he subject is likely to sustain a secondary injury from a fall from TASER use e.g., standing on a rooftop ledge or elevated surface"; and "[a]s a tool of coercion of as a means of punishment." *Id.* Plaintiffs, however, fail to allege facts which show that Shaw was ever on any elevated surface or that Shaw incurred injuries as a result

of falling after the use of a taser. Plaintiffs failed to allege facts which show an unconstitutional Taser policy.

### 3. Handcuffing Prisoners Policy & Use of Oleoresin Capsicum Policy

25.     Plaintiffs contend that the City's handcuffing policy was a moving force because it "made no provision whatsoever, and completely ignored, a person such as [Shaw] who was suffering a seizure." [Doc., ¶ 65]. Likewise, Plaintiffs contend the City's prohibition of oleoresin capsicum (pepper spray) use in a prison was also a moving force that proximately caused Shaw's injuries. *Id.*, ¶ 67. But merely condemning a handcuffing policy for police officers in a correctional facility as unconstitutional for not expressly providing protocol for detainees with epilepsy has no support in this Circuit's jurisprudence. The same is true for Plaintiffs' allegation that the City's prohibition on pepper spray would have mitigated Shaw's injuries—a purely speculative allegation that merits no consideration from this Court. Plaintiffs failed to allege facts which show an unconstitutional handcuffing or pepper spray policy.

### B. Nor can Plaintiffs conjure a pattern of misconduct sufficient to infer an unconstitutional City policy

26.     Moreover, Plaintiffs complain of an isolated alleged deprivation, not conduct that rises to the level of a City policy. *Okla. City v. Tuttle*, 471 U.S. 808, 824 (1985). A City policy cannot be inferred from the isolated alleged constitutional deprivation Plaintiffs claim. *Webster v. City of Houston*, 735 F.2d 838, 851 (5th Cir. 1984) (en banc). "[A] single violent incident is insufficient to hold a municipality liable for inadequate training. The

13

plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured… to establish the official policy requisite to municipal liability under section 1983.'" *Snyder*, 142 F.3d at 798 (quoting *Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989)). "Isolated violations are not the **persistent, often repeated, constant violations**, that constitute custom and policy as required for municipal § 1983 liability." *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985). To establish deliberate indifference, generally there must be a pattern of comparable deaths in the city and Plaintiffs fail to allege facts showing such a pattern. *See Peterson v. City of Ft. Worth*, 588 F.3d 838, 849 (5th Cir. 2009).

27.     Plaintiffs present only a few cases in a feeble effort to establish a pattern of misconduct, but none of these cases are remotely similar to the circumstances before the Court now and certainly do not establish a pattern of constitutional violations. [Doc. 1, ¶¶ 70-80]. Plaintiffs cite cases from 16 and 14 years ago, one of which has nothing to do with the jail and the other does not show police misconduct at the jail. *Id.*, ¶¶ 71-72. Nor does the shooting of Oscar Hernandez in 2009, create a relevant policy. *Id.*, ¶ 73.

28.     Plaintiffs' cite a detainee case from 2015, but similarities end there. In the Oswald case, a man was arrested for public intoxication and transported to Pasadena City jail. *Id.*, ¶ 74. Plaintiffs contend that Oswald was released from custody and transported to a hospital because, "[u]pon information and belief," the City did not want to pay for Oswald's medical bills. *Id.* Again, completely dissimilar to the facts of the case here. Lastly, Plaintiffs present yet another non-detainee case. *Id.*, ¶¶ 75-80. But none of these

14

antiquated, irrelevant cases offer any support to Plaintiffs' contention that any unconstitutional conduct here is more than an isolated event.

###    C.    Plaintiffs' allegations do not show plausible culpability of a City policymaker

29.    Plaintiffs also fail to allege facts which show that the City's policymaker is culpable for a deprivation of Shaw's rights. "Knowledge on the part of a policymaker that a constitutional violation will most likely result from a given official custom or policy is a *sine qua non* of municipal liability under section 1983." *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003). In *Bryan County*, the Supreme Court made clear the standard for the *rare* case in which a governmental entity may have liability under section 1983.

> [I]n enacting § 1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the "moving force" behind the plaintiff's deprivation of federal rights.

520 U.S. at 400 (internal citations omitted) (emph. in original).

30.    "A plaintiff seeking to establish [governmental] liability on the theory that a facially lawful [governmental] action has led an employee to violate a plaintiff's rights must demonstrate that the [governmental] action was taken with 'deliberate indifference' as to its known or obvious consequences." *Id.* at 407. "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Id.*

31.    "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a [governmental policymaking] actor disregarded a known or obvious consequence of his action." *Id.* at 410. "For an official to act with deliberate indifference, the official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal citations omitted).

32.     Plaintiffs failed to allege any fact which shows the culpability of a City policymaker for a violation of the Shaw's rights. Merely asserting the legal contention the City was deliberately indifferent based on the result of Shaw's interaction with officers does not state a claim. Since legal conclusions only provide the framework for a complaint that is properly supported by accompanying *factual* allegations, factual allegations that are demonstrated are entitled to assumption of truth are absolutely necessary to state a claim. *Iqbal*, 556 U.S. at 679. A complaint states a claim only where well-pleaded factual allegations plausibly support an entitlement to relief. The pleading requirements of the Federal Rules of Civil Procedure are real and the threshold for stating a claim for relief requires **factual** allegations regarding *each material element necessary to sustain recovery* under an actionable legal theory. *Dartmouth Rev. v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989).

> ### D.     Plaintiffs fail to allege facts which show a policy of the City's policymaker was plausibly the moving force that directly caused a violation of Shaw's protected rights

33.     Continuing their streak of failing to provide factual allegation which address any of the elements of a claim of municipal liability, Plaintiffs also fail to allege facts which show that any policy—the Court is left to imagine one - was the moving force that directly caused a violation of Shaw's rights. This is a separate reason the Court should dismiss the claims against the City. *C.f., James v. Harris Cnty.*, 577 F.3d 612, 618-619 (5th Cir. 2009).

"[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. [A] Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Bryan Cnty.*, 520 U.S. at 404. "In addition to culpability, there must be a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. "This connection must be more than a mere 'but for' coupling between cause and effect. To form the basis of liability under section 1983, a municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it." *Fraire v. Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992). It is crucial that the requirements of governmental culpability and governmental causation "not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." *Piotrowski*, 237 F.3d at 579 (quoting *Snyder*, 142 F.3d at 798). Plaintiffs fail to allege facts which show that any City policy was a moving force that directly caused a violation of Shaw's rights.

### V. Plaintiffs failed to state a plausible claim under the ADA

34.     Title II of the Americans with Disabilities Act provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To make out a prima facie case under Title II, a plaintiff must show "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being

17

denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Windham v. Harris Cnty.*, 875 F.3d 229, 235 (5th Cir. 2017) (quoting *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)).

35.     To recover compensatory damages for alleged disability discrimination under Title II of the ADA, a plaintiff must [allege facts which show] that discrimination was intentional. *Windham*, 875 F.3d at 235 n.5. Moreover, "[w]hile the Constitution may require certain mental health treatment for jail detainees, the ADA does not compel [the City] to provide any particular treatment in order to prevent discrimination." *Doe v. Harris Cnty.*, 2017 U.S. Dist. LEXIS 162585 *79 (S.D. Tex. 2017) (Lake, J.).

36.     Plaintiffs assert the mere conclusion that Defendants discriminated against Shaw "by reason of his disability." [Doc. 1,¶ 96]. Plaintiffs similarly conclude the "Individual Defendants restrained, assaulted, tased, and killed [Shaw] *as a result* of him having a seizure." "A critical component of a Title II claim for failure to accommodate…is proof that 'the disability and its consequential limitations were known by the [City].'" *Jin Choi v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 633 F. App'x 214, 215 (5th Cir. 2015) (internal citation omitted).

37.     Plaintiffs' burden is not only to allege sufficient facts showing that the officers knew or should have known of Shaw's disability, but also facts showing that the officers had knowledge of both the resulting limitation and the necessary accommodation.

18

*Windham*, 875 F.3d at 237-38 (internal citations omitted). But even if Plaintiffs sufficiently allege knowledge, Plaintiffs utterly fail to meet their burden to show that Shaw "specifically identif[ied] the disability and resulting limitations," and "request[ed] an accommodation in 'direct and specific terms.'" *Id.* at 237 (quoting *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). As the Seventh Circuit rightly observed, "[t]he ADA does not require clairvoyance[.]" *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 934 (7th Cir. 1995). And when a detainee fails to request an accommodation in this manner, the detainee can only prevail by showing that "the disability, resulting limitation, and necessary reasonable accommodation" were "open, obvious, and apparent" to the City's relevant agents. *Taylor*, 93 F.3d at 164.

38.     As Plaintiffs admit in the complaint, the Fifth Circuit does not recognize municipal liability under the ADA on deliberate indifference. [Doc. 1, ¶ 97]; *see also Taylor v. Hartley*, 2020 U.S. Dist. LEXIS 173424, *53 (S.D. Tex. Sept. 22, 2020) (Eskridge, J.). In *Hartley*, the plaintiff alleged intentional discrimination "through [defendant's] hostility, provocation, and beating of Plaintiff whose disability was a significant and/or the only factor causing [defendant's] actions." *Id.*

39.     Like *Hartley*, Plaintiffs' allegations to this point are "entirely conclusory" and say "nothing about what was known" to the officers at the time. *Id.* at *53-54. In fact, of the 115 times Plaintiffs allege Shaw experienced a seizure, not once do Plaintiffs explain *why* Shaw's disability was open and obvious to the officers on that day and at that time. *Id.* Plaintiffs admit 58 times that they make only conclusory assertions "upon information

and belief…" without alleging *any* actual fact upon which such "information and belief is based." By relying on no more than **factually unsupported** alleged "information and belief," Plaintiffs concede they cannot identify facts supporting their assertions. *Oasis Research, LLC v. Adrive, LLC*, 2011 U.S. Dist. LEXIS 80483 at *8 (E.D. Tex. May 23, 2011). "Simply put, [Plaintiffs] fail[ed] to plead sufficient facts permitting an inference that [the City] had notice of [Shaw]'s disability. *Hartley*, 2020 U.S. Dist. LEXIS 173424 at *53.

## CONCLUSION AND PRAYER

40.    Plaintiffs' allegations do not state a claim against either of these Defendants. Therefore, the Court should grant Defendants' motion and dismiss Plaintiffs' claims, with prejudice.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
Southern District of Texas Bar No. 8791
Norman Ray Giles
Southern District of Texas Bar No. 26966
Bridget Davidson
Southern District of Texas Bar No. 30050
OF COUNSEL:
Lewis Brisbois Bisgaard & Smith, LLC
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel: (832) 460-4606
Fax: (713) 759-6830
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing to the following counsel of record in accordance with the District's ECF service rules on this 15th day of April, 2021.

> T. Dean Malone
> Michael T. O'Connor
> Kristen Leigh Homyk
> Law Offices of Dean Malone, P.C.
> *Attorneys for Plaintiffs*

> */s/ Norman Ray Giles*
> Norman Ray Giles