IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAMARIAN AUSTIN, as dependent administrator of ILLIANA CLAIRE HEJLIK, J.S. #1, J.S. #2, J.S. #3, et al., | § § § § | |
| *Plaintiffs*, | § | Civil Action No. 4:21-cv-00774 |
| v. | § § | |
| CITY OF PASADENA, TEXAS, et al., | § § | JURY DEMANDED |
| *Defendants*. | § | |

DEFENDANTS MARROQUIN'S, MCCAIN'S, AND WHITEHEAD'S, DEFENSES, ANSWER AND JURY DEMAND

Defendants Joanna Marroquin, Darlene McCain and Ryan Whitehead serve and file their defenses, answer, and request for jury trial in response to Plaintiffs' complaint [Doc. 1].

FIRST DEFENSE

1. Plaintiffs fail to state a plausible claim upon which relief may be granted.

SECOND DEFENSE

2. Defendants are protected from suit and liability by qualified immunity. Defendants acted within the scope of their discretionary governmental authority performing public duties in objective good faith.

THIRD DEFENSE

3. Jamal Ali Shaw's conduct was the sole cause of the occurrence which forms

4849-1298-8390.2

the basis of this lawsuit, Plaintiffs' alleged harm, and Plaintiffs' claimed damage.

## FOURTH DEFENSE

4. Jamal Shaw and Plaintiffs' failed to use reasonable diligence to mitigate claimed damages.

## FIFTH DEFENSE

5. Plaintiffs have established standing, capacity, or authority to assert a claim or obtain damages in a representative and/or individual capacity. Defendants aver that no such basis exists.

## SIXTH DEFENSE

6. Defendants assert their rights under the Fourteenth Amendment to the United States Constitution and maintains that punitive damages are unconstitutional in this case to the extent they are assessed:

    a. In an amount left to the discretion of the judge and/or jury;

    b. In any decision representing less than a unanimous verdict;

    c. Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt; and/or

    d. Where the standard of guilt is not clearly defined.

## ANSWER

7. Subject to the foregoing, Defendants answer Plaintiffs' claims and allegations consistent with FED. R. CIV. P. 8(b), under which Defendants deny every claim, and Defendants deny each allegation except those Defendants

expressly admit herein.

8. Speculative assertions in the Plaintiff's complaint that the Plaintiff is unwilling to allege, which Plaintiffs' characterize as premised on information and belief are not factual allegations that call for a response from Defendants.

9. Defendants deny the allegations on pages 1-3, and ¶¶ 10, 12, 15, 21, and 55-102 of Plaintiffs' complaint.

10. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 1 and ¶ 2 of Plaintiffs' complaint, so Defendants deny these allegations.

11. The City of Pasadena, Texas is a local governmental unit under Texas law. Defendants deny the other allegations in ¶ 3 of Plaintiffs' complaint.

12. Officer Martin Aguirre was an employee of the City of Pasadena, Texas on March 28, 2019, who has filed an appearance in this case. Officer Aguirre is sued based upon acts within the scope of his discretionary governmental authority performed in objective good faith. Defendants deny the other allegations in ¶ 4 of Plaintiffs' complaint.

13. Officer Marroquin was an employee of the City of Pasadena, Texas on March 28, 2019, who has filed an appearance in this case. Officer Marroquin is sued based upon acts within the scope of her discretionary governmental authority performed in objective good faith. Defendants deny the other allegations in ¶ 5 of

Plaintiffs' complaint.

14. Officer McCain was an employee of the City of Pasadena, Texas on March 28, 2019, who has filed an appearance in this case. Officer McCain is sued based upon acts within the scope of her discretionary governmental authority performed in objective good faith. Defendants deny the other allegations in ¶ 6 of Plaintiffs' complaint.

15. Officer Whitehead was an employee of the City of Pasadena, Texas on March 28, 2019, who has filed an appearance in this case. Officer McCain is sued based upon acts within the scope of his discretionary governmental authority performed in objective good faith. Defendants deny the other allegations in ¶ 7 of Plaintiffs' complaint.

16. Jurisdiction and venue are proper in this Court. Defendants deny the other allegations in ¶¶ 8-9 of Plaintiffs' complaint.

17. Decedent Jamal Shaw was born in 1986 and died at 32 years of age. Defendants deny the other allegations in ¶ 11 of Plaintiffs' complaint.

18. Before filing this lawsuit, Plaintiffs petitioned a Texas Court and obtained voluminous records regarding the occurrence which forms the basis of this lawsuit. Defendants deny the other allegations in ¶ 13 of Plaintiffs' complaint.

19. On March 28, 2019, Jamal Shaw was detained in a holding cell based on a criminal charge and Shaw had been arrested and detained on many other occasions.

Defendants deny the other allegations in ¶ 14 of Plaintiffs' complaint.

20.  Officers responded to investigate an assault on March 28, 2019. When the officers arrived at the scene, the assaulted person reported Shaw had been aggressive and yelled at her. The officers observed that Shaw had slurred speech, red eyes, and difficulty standing upright. Shaw denied being ill and provided no explanation for his intoxication. Since there was probable cause to believe Shaw was intoxicated in a public place, Officer Arguetta arrested Shaw and transported him to the police station. Defendants deny the other allegations in ¶¶ 16-17 of Plaintiffs' complaint.

21.  Shaw was placed in a cell with several other detainees. Defendants deny the other allegations in ¶ 18 of Plaintiffs' complaint.

22.  Approximately four hours after Shaw's arrest, he had a seizure. When an officer discovered that Shaw may need medical care, the officer requested emergency medical service personnel to evaluate Shaw and provide care for him if necessary. Within eight minutes of when the seizure began, emergency medical service personnel arrived at the police station. While the emergency medical personnel were travelling to the police station, officers took actions intended to reduce the risk Shaw may be injured during his seizure. Defendants deny the other allegations in ¶¶ 19-20 of Plaintiffs' complaint.

23.  While officers were taking actions to reduce the risk that Shaw would be

injured by seizure activity, emergency medical personnel arrived at the police department to provide care to Shaw within approximately eight minutes of when the seizure began. Defendants deny the other allegations in ¶¶ 22-23 of Plaintiffs' complaint.

24. Investigators documented in reports information provided by other individuals detained at the police department during the occurrences which form the basis of his lawsuit. The most reliable evidence of the content of those statements are the statements themselves and/or police reports regarding the statements. Defendants deny the other allegations in ¶¶ 25-26, 34-35, 44-45 of Plaintiffs complaint.

25. Investigators documented in reports information provided by police department employees present during the occurrences which form the basis of his lawsuit. The most reliable evidence of the content of those statements are the statements themselves and/or police reports regarding those statements. Defendants deny the other allegations in ¶¶ 24, 27-29, 36-43, 46-47 of Plaintiffs complaint.

26. Investigators documented in reports information provided by emergency medical service providers present during occurrences which form the basis of his lawsuit. The most reliable evidence of the content of those statements are the statements themselves and/or police reports regarding the statements. Defendants deny the other allegations in ¶¶ 30-33 of Plaintiffs complaint.

27. Investigators obtained medical records regarding the occurrences which form the basis of the suit and preserved a copy of those records with investigative reports. The most reliable evidence of the content of those records are the records and/or police reports regarding the record. Defendants deny the other allegations in ¶¶ 48-51 of Plaintiffs complaint.

28. The police department has regulations that provide general guidance to City personnel regarding the performance of governmental duties, and City employees are trained regarding the performance of governmental duties. However, officers are still required to make individual decisions when performing their governmental duties. The most reliable evidence of the content of those regulations are the regulations. Defendants deny the other allegations in ¶¶ 52-54 of Plaintiffs complaint.

## REQUEST FOR JURY TRIAL

29. Defendants assert the right to trial by jury on all issues in accordance with FED. R. CIV. P. 38.

## PRAYER

30. Defendants McCain, Marroquin, and Whitehead pray they be released, discharged, and acquitted of all charges, allegations, and claims filed against them, that judgment be rendered in Defendants' favor, either prior to or at the conclusion of a trial, that Plaintiffs take nothing by reason of this suit, and that Defendants

recover all costs of court incurred in defending against the Plaintiffs' claims, as well as other relief to which Defendants are justly entitled in law and equity.

                Respectfully submitted,

/s/ *Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
SBOT: 09388250
Southern District of Texas Bar No. 8791
Norman Ray Giles
SBOT: 24014084
Southern District of Texas Bar No. 26966
Bridget Davidson
Southern District of Texas Bar No. 30050

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas, 77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 15th day of April 2021.

    T. Dean Malone
    dean@deanmalone.com
    Law Offices of Dean Malone, P.C.
    900 Lake Jackson Street, Suite 730
    Dallas, Texas 75202
    *Attorneys for Plaintiffs*

                /s/ *Norman Ray Giles*