Case 4:21-cv-00774   Document 123   Filed on 06/07/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAMARIAN AUSTIN, as dependent administrator of, and on behalf of, ILIANA CLAIRE HEJLIK, J.S. #1, J.S. #2, J.S #3, et al.<br>*Plaintiffs*,<br><br>v.<br><br>CITY OF PASADENA, TEXAS, et al.<br>*Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-00774 |

## FINAL AGREED JUDGMENT

The Court considered at a hearing the proposed settlement by and between Shamarian Austin, individually and as dependent administrator of, and on behalf of, the Estate of Jamal Ali Shaw and Jamal Ali Shaw's heirs-at-law ("Plaintiff"), and Defendants City of Pasadena, Texas; Martin Aguirre, Joanna Marroquin, Darlene McCain, and Ryan Whitehead (the "Defendants"). After considering the proposed settlement, the pleadings and other papers on file, and evidence and argument presented at the hearing, including recommendation by Court-appointed guardian *ad litem* Raymundo Vazquez, the Court finds the proposed settlement, to the extent it affects minor beneficiaries, to be fair, adequate, and reasonable. The Court further finds that the proposed settlement set forth in the Settlement Agreement, Release,

and Indemnification Agreement document presented to the Court effecting that settlement, to the extent it affects minor beneficiaries, J.S. #1, J.S. #2, J.S #3, to be fair, adequate, and reasonable.

Plaintiff and Defendants waived a trial regarding Plaintiff's claims against Defendants, based on Defendants paying in cash and periodic payments the total combined present cost of $292,000.00, and compromise and settlement of any and all claims, debts, obligations or causes of action of whatsoever nature that Plaintiff Shamarian Austin, individually and as dependent administrator of, and on behalf of, the Estate of Jamal Ali Shaw and Jamal Ali Shaw's heirs-at-law, has or may have arising from the incident giving rise to the filing of this Lawsuit.

The Court finds that the liability of the Defendants is uncertain, indefinite, and incapable of being conclusively established as a matter of law prior to trial, and the nature of extent of injuries or damages to Plaintiff, Shamarian Austin, individually and as dependent administrator of, and on behalf of, the Estate of Jamal Ali Shaw and Jamal Ali Shaw's heir-at-law, are uncertain, indefinite, and incapable of being conclusively established as a matter of law prior to trial, and being fully informed with respect to these facts, Defendants and Texas Municipal League Intergovernmental Risk Pool and Plaintiff Shamarian Austin, individually and as dependent administrator of, and on behalf of, the Estate of Jamal Ali Shaw and Jamal Ali Shaw's heirs-at-law, have agreed to compromise and settle this case.

The Court finds that the Plaintiff Shamarian Austin, individually and as dependent administrator of, and on behalf of, the Estate of Jamal Ali Shaw and Jamal Ali Shaw's heir-at-law, Defendants, and the guardian *ad litem(s)* desire a judgment be entered approving the Settlement Agreement, Release, and Indemnification Agreement relating to the settlement described in this judgment and effecting periodic payments to be made pursuant to the Addendum to the Settlement Agreement, Release, and Indemnification Agreement.

The obligation to make periodic payments described in the Addendum to the Settlement Agreement, Release, and Indemnification Agreement may be assigned to Pacific Life & Annuity Services, Inc. and funded by an annuity contract issued by Pacific Life Insurance Company, rated A+XV by A.M. Best Company, and AA- by Standard and Poor's.

IT IS THEREFORE ORDERED that the rights to receive periodic payments granted to J.S. #1, J.S. #2, J.S #3 referenced in the Addendum to the Settlement Agreement, Release, and Indemnification Agreement (J.S. #1, J.S. #2, J.S #3) in this Final Agreed Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, §§ 141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter

be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this order.

IT IS FURTHER ORDERED that the settlement between Plaintiff and Defendants, reflected in the Settlement Agreement, Release, and Indemnification Agreement, is hereby approved in all respects.

IT IS FURTHER ORDERED that no later than 10 business days after the date of this order, a payment of $ **4200.00**, by or on behalf of Plaintiffs, shall be made to Raymundo Vazquez for his services as guardian *ad litem.*

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff Shamarian Austin, individually and as dependent administrator of, and on behalf of, the Estate of Jamal Ali Shaw and Jamal Ali Shaw's heirs-at-law, shall recover from or on behalf of Defendants the payments set forth in the Settlement Agreement, Release, and Indemnification Agreement, in cash and periodic payments having a combined present cost of $292,000.00, apportioned as $267,000.00 for wrongful death claim damages and $25,000.00 for survival claim damages, and shall be paid by or on behalf of Defendants as follows:

- $27,000.00 to Donna Thomas, individually, for her wrongful death claim damages;

- $27,000.00 to Cliff Benjamin Mitchell, individually, for his wrongful death claim damages;

- $27,000.00 to Iliana Claire Hejlik ($22,376.32 for wrongful death claim damages and $4,623.68 for survival claim damages);

- $130,000.00 to Law Offices of Dean Malone, P.C., for attorneys' fees and expenses;

- $27,000.00 ($23,917.55 for wrongful death claim damages and $3,082.45 for survival claim damages) to be used for the funding of periodic payments as outlined in the Addendum to the Settlement Agreement, Release, and Indemnification Agreement for J.S. #1;

- $27,000.00 ($23,917.55 for wrongful death claim damages and $3,082.45 for survival claim damages) to be used for the funding of periodic payments as outlined in the Addendum to the Settlement Agreement, Release, and Indemnification Agreement for J.S. #2; and

$27,000.00 ($23,917.54 for wrongful death claim damages and $3,082.46 for survival claim damages) to be used for the funding of periodic payments as outlined in the Addendum to the Settlement Agreement, Release, and Indemnification Agreement for J.S. #3.

This judgment is a final judgment, adjudicating and disposing of all issues, claims, and parties in this case.

Signed on this the __7__ day of __June__, 2024.

_____
Presiding Judge